| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)** **WASSERMAN, JURISTA & STOLZ, P.C.** 225 Millburn Avenue - Suite 207 P.O. Box 1029 Millburn, New Jersey 07041 Phone: (973) 467-2700 Fax: (973) 467-8126 *Counsel to Plaintiff, Edwin H. Stier, Chapter 11 Trustee* DANIEL M. STOLZ, ESQ. | |
| In Re: **BIRDSALL SERVICES GROUP, INC., et al,** Debtor. | Case No.: 13-16743(MBK) Judge: Michael B. Kaplan Chapter: 11 Hearing Date: |
| **EDWIN H. STIER,** Bankruptcy Trustee for Birdsall Services Group, Inc., and BSG Engineering, Surveying & Landscape Architecture, LLC Plaintiff, v. **HOWARD D. BIRDSALL; WILLIAM T. BIRDSALL; JOHN HESS; JAMES JOHNSTON; SUSAN JACKSON; ALAN P. HILLA; JOHN C. MORRIS, III, PHILLIP ANGARONE, ROBERT GERARD; EILEEN KUHFAHL-SPEARS; SCOTT R. MCFADDEN; THOMAS K. ROSPOS; ARSENAULT, WHIPPEL, FASSET & AZZARELLO, LLP; BELSOLE & KURNOS, LLC; BENEDICT & ALTMAN; CHAMLIN ROSEN ULIANO & WITHERINGTON; CRITCHLEY, KINUM & VAZQUEZ, LLC; KROVATIN KLINGEMAN; LAW OFFICE OF ROBERT G. STEVENS; MCCARTER & ENGLISH, LLP; MCDONALD & ROGERS, LLC; NUZZI & MASON, LLC; LOMURRO, DAVISON, EASTMAN & MUNOZ, PA; STARKEY, KELLY, KENNEALLY, CUNNINGHAM & TURNBACH; WEIR & PLAZA, LLC; AND U.S. SPECIALTY INSURANCE COMPANY,** Defendants. | Adv Proc. No. **ADVERSARY COMPLAINT** |

Edwin H. Stier, Bankruptcy Trustee for Birdsall Services Group, Inc. and BSG Engineering, Surveying & Landscape Architect, LLC (hereinafter collectively the "Debtors") as and for his Complaint against the above captioned Defendants, states as follows:

## JURISDICTION AND VENUE

1.      This is an Adversary Proceeding pursuant to Fed. R. Bank. P. 7001, 11 U.S.C. §105, 11 U.S.C. §541, 11 U.S.C. §544, 11 U.S.C. §548, 11 U.S.C. §550, 11 U.S.C. §551 and the New Jersey Uniform Fraudulent Transfer Act.  (N.J.S.A. 25:2-1 et seq.)

2.      This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157.

3.      This civil action arises in and relates to the Bankruptcy Cases of Birdsall Services Group, Inc., and BSG Engineering, Surveying & Landscape Architect, LLC, Consolidated Case No.: 13-16743(MBK).

4.      This is a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), (F), (H), (K) and (O).

5.      This Adversary Proceeding is related to a case under Title 11 of the United States Code pursuant to 28 U.S.C. §158(c)(1) and (2).

6.      Venue is properly fixed in this Court pursuant to 28 U.S.C. §1409(a).

7.      The applicable statutory basis for the claims asserted herein include, but are not limited to, 11 U.S.C. §§ 105, 544, 548, 550, 551 and the (N.J.S.A. 25:2-1 et seq.)

## PARTIES

8.      Plaintiff is the duly appointed Bankruptcy Trustee for the Debtors, having been appointed by the Office of the United States Trustee on April 15, 2013.

9.      Defendant, Howard D. Birdsall is an individual residing in Brielle, New Jersey 08730.  Upon information and belief, Howard Birdsall is the former Chief Executive Officer of Birdsall Services Group, Inc.

10.     Defendant, William T. Birdsall is an individual residing in Manchester, New Jersey 08759.  Upon information and belief, William Birdsall was a Senior Vice President of Birdsall Services Group, Inc.

11.     Defendant, Robert M. Gerard is an individual residing in Wall, New Jersey 08730.  Upon information and belief Robert Gerard is the former Chief Marketing Officer of Birdsall Services Group, Inc.

12.     Defendant, Alan P. Hilla, is an individual residing in Brielle, New Jersey 08730. Upon information and belief, Alan P. Hilla is the former Executive Vice President for Business Development of Birdsall Services Group, Inc.

13.     Defendant, James Johnston is an individual residing at in North Brunswick, New Jersey 08902.  Upon information and belief, James Johnston was the former President of the Environmental Consulting Division of Birdsall Services Group, Inc.

14.     Defendant, John C. Morris, III is an individual residing in Colts Neck, New Jersey 07722.  Upon information and belief, John C. Morris is a former employee of Birdsall Services Group, Inc.

15.     Defendant, Thomas K. Rospos is an individual residing in Belmar, New Jersey 07719.  Upon information and belief, Thomas K. Rospos is the former Executive Vice President of Birdsall Services Group, Inc.

16.     Defendant, Scott R. McFadden is an individual residing in Brick, New Jersey 08723.  Upon information and belief, Scott R. McFadden was the former Chief Administrative Officer of Birdsall Services Group, Inc.

17.     Defendant, John Hess is an individual residing in Barnegat, New Jersey 08005. Upon information and belief, John Hess is a former employee of Birdsall Services Group, Inc.

18.     Defendant, Susan Jackson is an individual residing in Lanoka Harbor, New Jersey 08734.  Upon information and belief Susan Jackson is a former employee of Birdsall Services Group, Inc.

19.     Defendant, Eileen Kuhfahl-Spears is an individual residing in Bradley Beach, New Jersey 07720.  Upon information and belief Eileen Kuhfahl-Spears is a former employee of Birdsall Services Group, Inc.

20.     Defendant, Phillip Angarone is an individual residing in Hamilton, New Jersey 08619.   Upon information and belief Phillip Angarone was a former Officer and Director of Birdsall Services Group, Inc.

21.     Defendants:  Howard Birdsall; William T. Birdsall; Robert M. Gerard; Alan P. Hilla; James Johnston; John C. Morris, III; Thomas K. Rospos; Scott R. McFadden; John Hess; Susan Jackson; Eileen Kuhfahl-Spears; and Phillip Angarone shall hereinafter be referred to as the "Individual Defendants".

22.     Defendant, Arsenault, Whipple, Fasset & Azzarello, LLP maintaining a business premises located at 560 Main Street, Chatham, New Jersey 07928, serves as counsel to Defendant John Hess.

23.     Defendant, Belsole & Kurnos, LLC maintaining a business premises located at 3 Prospect Street, Morristown, New Jersey 07960, serves as counsel to Defendant James Johnston.

4

24.      Defendant, Benedict & Altman maintaining a business premises located at 727 Livingston Avenue, New Brunswick, New Jersey 08901, serves as counsel to Defendant William Birdsall.

25.      Defendant, Chamlin, Rosen, Uliano & Witherington maintaining a business premises located at 268 Norwood Avenue, P.O. Box 38, West Long Branch, New Jersey 07764, serves as counsel to Defendant Susan Jackson.

26.      Defendant, Critchley, Kinum & Vazquez, LLC maintaining a business premises located at 75 Livingston Avenue, Roseland, New Jersey 07068, serves as counsel to Alan Hilla, Sr.

27.      Defendant, Krovatin Klingeman maintaining a business premises located at 60 Park Place, Suite 1100, Newark, New Jersey 07102, serves as counsel to Defendant Thomas Rospos.

28.      Defendant, Law Offices of Robert G. Stevens maintaining a business premises located at 947 State Road, Princeton, New Jersey 08540, serves as counsel to John C. Morris, III.

29.      Defendant, McCarter & English, LLP maintaining a business premises located at Four Gateway Center, 100 Mulberry Street, Newark, New Jersey 07102, serves as counsel for Defendant Phillip Angarone.

30.      Defendant, McDonald & Rogers maintaining a business premises located at 181 West High Street, Somerville, New Jersey 08876, serves as counsel to Defendant Howard Birdsall.

31.      Defendant, Nuzzi & Mason, LLC maintaining a business premises located at 50 Nelson Street, Dover, NJ 07801, serves as counsel to Defendant Robert Gerard.

32.     Defendant, Lomurro, Davison, Eastman & Munoz, PA maintaining a business premises located at 100 Willow Brook Road, Freehold, New Jersey 07728, serves as counsel to Defendant Eileen Kuhfahl-Spears.

33.     Defendant, Starkey, Kelly, Kenneally, Cunningham & Turnbach maintaining a business premises located at 2 Hooper Avenue, Toms River, New Jersey 08753, serves as counsel to Defendant Scott McFadden.

34.     Defendant, Weir & Plaza, LLC maintaining a business premises located at 321 Broad Street, Red Bank, New Jersey 07701, serves as counsel to Defendant Patrick Lowthorp.

35.     Defendant, U.S. Specialty Insurance Company maintaining a business premises located at C/O HCC Global Financial Products, 8 Forest Park Drive, Farmington, Connecticut 06032, is the issuer of Directors, Officers and Organization Liability Insurance Policy No. 14-MGU-12-A270704, obtained by Birdsall Services Group, Inc. (hereinafter "D&O Carrier").

## FACTUAL BACKGROUND AS TO ALL COUNTS

36.     The company that became Birdsall Services Group, Inc. was founded in 1919 in Eatontown, New Jersey.

37.     Prior to May 2012, Birdsall had grown to become one of the largest and most respected engineering firms in the tri-state metropolitan area.

38.     At year end 2011, the Debtors had generated approximately $50 million dollar in annual revenue and employed approximately 325 persons.

39.     Approximately 47% of the Debtors' revenue was derived from contracts with public entities.

40.     New Jersey State Law and certain Local Laws often impose strict limitations on contributions to candidates.  State law further requires public officials to report all contributions in excess of $300.00.

41.     In certain criminal proceedings the State of  New Jersey has alleged that the Indicted Defendants had engaged in the following criminal conduct:  money laundering; false representation for a government contract; misconduct by a corporate official; tampering with public records or information; corporate contributions through employees; concealment or misrepresentation of contributions; and conspiracy to commit the aforementioned  crimes.

42.     Investigative reports provided by the State of New Jersey reflect that on, or about February 22, 2011, the state was alerted to potential illegal contributions by the wife of Defendant Phillip Angarone, who transmitted to a detective an audio recording of a conversation between Mrs. Angarone and Phillip Angarone, in which Defendant Angarone admitted making illegal contributions.

43.     The investigative reports further reflect that, during the balance of 2011, the State of New Jersey conducted certain interviews and subpoenaed bank records of virtually all of the senior management of Birdsall, as well as the bank records of the Debtors.

44.     On May 2, 2012, the State executed a search warrant at Birdsall's Eatontown premises and seized certain business records of the Debtors.

45.     Also on May 2, 2012, Defendants Scott R. McFadden and Phillip Angarone were served with subpoenas to appear before a Grand Jury investigating the illegal contributions by Birdsall employees.

46.     On May 3, 2012, Defendants Thomas K. Rospos, Phillip Angarone, Howard Birdsall, William Birdsall, James Johnston, John Hess, Alan P. Hilla, Eileen Kuhfahl-Spears,

John C. Morris, Susan Jackson and Robert Gerard were served with a Subpoena requiring said Defendants to appear before the Grand Jury.

47.    On May 4, 2012 at 2:00 p.m., a special meeting of the Board of Directors of Birdsall Services Group was held by teleconference.    The meeting was presided over by Defendant Howard Birdsall, as Chairman of Birdsall Services Group, Inc.    Annexed hereto and marked as Exhibit "A" are the Minutes of the Board Directors' Meeting.    The first order of business was the proposed indemnification of 13 current and former employees regarding the investigation by the State.    As reflected in the minutes, counsel to the Debtors advised the board of the "various options available to BSG pursuant to its By-Laws".

48.    Counsel instructed that, only disinterested directors regarding the investigation by the Attorney General were permitted to vote on the proposed indemnification.    The three disinterested directors identified, were Ralph Orlando, Clare Broderick and John Wuestneck.

49.    Information subsequently obtained suggests that Directors Wuestneck and Broderick were not "disinterested" and therefore, should have been disqualified from voting on the indemnification resolution.

50.    Annexed hereto and marked as Exhibit "B" is the Resolution adopted by the Debtors' Board of Directors authorizing the indemnification of the 12 Individual Defendants herein for their "legal fees and ancillary legal expenses" with respect to the Subpoena issued by the Attorney General, (the "May 4th Resolution").

51.    The Resolution clearly restricted the fees and expenses to those "with respect to the Subpoena issued by the Attorney General's Office on May 2, 2012 and May 3, 2012".

52.    Despite the existence of D&O Insurance, which may have been available to fund the aforementioned legal fees of the Defendants and the Debtor, no claim was submitted to the D&O Carrier.

53.    On July 20, 2012, August 14, 2012 and August 29, 2012, Defendant Thomas Rospos appeared at the New Jersey Division of Criminal Justice to provide statements in accordance with a proffer agreement.  In the course of his statement, Defendant Rospos clearly and unambiguously admitted his deliberate criminal, fraudulent and dishonest acts.

54.    On November 30, 2012, Defendant Phillip Angarone pled guilty to third degree tampering with public records or information and fourth degree prohibited corporate contributions through employees.

55.    On December 11, 2012, the Grand Jury handed down an eight count indictment against Defendant Thomas K. Rospos.

56.    On February 13, 2013, Defendant Eileen Kuhfahl-Spears pled guilty to a fourth degree charge of making prohibited corporate contributions through employees.

57.    On March 21, 2013, the Grand Jury handed down a superseding indictment against Defendants Thomas K. Rospos, Howard Birdsall, William Birdsall, Alan P.  Hilla, Scott R. McFadden, James Johnston, Robert Gerard and against Birdsall Services Group, Inc. (collectively, Defendants  Thomas K. Rospos, Howard Birdsall, William Birdsall, Alan P.  Hilla, Scott R. McFadden, James Johnston, Robert Gerard, Phillip Angarone, and Eileen Kuhfahl-Spears shall be referred to as the "Indicted Defendants").

58.    Also on March 26, 2013, the State filed in the Superior Court of New Jersey, Law Division, Monmouth County, an Affidavit in support of an application to seize and restrain the

Debtors' property.    An Order to seize and restrain the Debtors' property was entered by the Honorable Lawrence Lawson, Assignment Judge, on March 26, 2013.

59.    On March 29, 2013, the Debtors filed Voluntary Petitions for relief pursuant to Chapter 11 of Title 11 of the United States Bankruptcy Code.

60.    The Debtors obtained the entry of an Order authorizing the Debtors to operate their business and use cash collateral, notwithstanding the pre-petition seizure order.    The Bankruptcy Court's Order authorizing such operations and use of cash collateral was stayed by the United States District Court.

61.    On April 15, 2013, an Order was entered approving a settlement between the State and the Debtors, resolving the State's Civil Action and providing for the appointment of a Chapter 11 Trustee.    The settlement further contemplated the sale of the assets of the Debtors by the Trustee, within 120 days of the date of said settlement.

62.    On April 16, 2013, an Order was entered approving the appointment of Edwin H. Stier, Esq., as Chapter 11 Trustee.

63.    By Order dated June 6, 2013, the Bankruptcy Court authorized the sale of substantially all of the Debtors' assets to Partner Assessment Corporation.  On June 21, 2013, the sale was consummated.

64.    Between May 15, 2012 and March 21, 2013, the Debtors paid fees to counsel for the Individual Defendants, totaling $526,238.69.   Annexed hereto and marked as Exhibit "C" is a schedule of the amounts paid to the law firms representing such Defendants.  Upon information and belief, a substantial portion of the fees paid were for services beyond representation regarding the May 2nd and May 3, 2012 Subpoena.

65.     During that same period of time, May 15, 2012 through March 21, 2013, the Debtors paid counsel responsible for representation of Birdsall Services Group, Inc. in the Attorney General matters in excess of $500,000.00.

66.     Upon information and belief, the law firms for the Individual Defendants have or will assert additional fees for claims and expenses under the May 4th Resolution.

67.     On or about July 11, 2011, Birdsall Services Group, Inc. purchased a Directors, Officers and Organization Liability Insurance policy from U.S. Specialty Insurance Company of Houston, Texas (the "D&O Policy").

68.     The D&O Policy was renewed on July 1, 2012 for a term running through July 1, 2013.

69.     All premiums for the D&O coverage were paid by the Debtors.

70.     The D&O Policy is a "claims made" policy, covering only claims made during the policy term.

71.     The D&O Policy provides coverage of $5 million dollars, plus $1 million dollars of additional coverage for "defense costs".   Only after the $1 million dollars available for "defense costs" is exhausted, will the $5 million dollars of coverage be reduced by "defense costs".   A copy of the D&O Policy is annexed hereto and marked as Exhibit "D".

72.     Endorsement No. 32 to the D&O Policy specifically excludes from coverage claims "arising out of, based upon or attributable to the commission by any insured of any deliberately criminal or deliberately fraudulent or dishonest act."

73.     Plaintiff has been advised by the D&O Carrier that requests have been received for payment of defense costs on behalf of Defendants James Johnston, Howard Birdsall, William

Birdsall, Alan P. Hilla, Thomas K. Rospos and Robert Gerard, totaling approximately $200,000.00. All of these Defendants have been indicted by the Grand Jury.

74.    In addition to the pre-petition fees paid to counsel for Birdsall Services Group with regard to the criminal matters, the Debtors have incurred substantial post-petition fees to Walder, Hayden and Brogen, P.A. and Gibbons, P.C., for defending civil and criminal actions instituted by the State. These fees, together with the aforementioned fees incurred prior to the Chapter 11 filing, constitute "defense costs" under the D&O Policy.

75.    It is clear, at the present time, that the accumulated defense costs of Birdsall Services Group and the Individual Defendants will exceed $1 million dollars and thereby threaten to erode the $5 million dollars of coverage available under the D&O Policy.

76.    On June 26, 2013, counsel for the Plaintiff Stier served on certain former Officers of Birdsall Services Group, a notice of claim annexed hereto as Exhibit "E".

77.    Plaintiff has confirmed that, prior to July 1, 2013, the Trustee's demand letter was delivered to the D&O Carrier and demand was made for coverage of same.

78.    Plaintiff, through special counsel in the bankruptcy proceedings, has filed an Adversary Proceeding seeking recovery for the Bankruptcy Estate from the Individual Defendants and other employees of the Debtors with regard to the improper payments which led to the liquidation of Birdsall Services Group, Inc., and its affiliates and its subsidiaries (the "Adversary Proceeding"). Among the Defendants in said Adversary Proceeding are the three (3) directors who voted in favor of the May 4, 2012 indemnification resolution.

79.    On June 13, 2013, Birdsall Services Group, Inc., through Trustee Stier, pled guilty to certain criminal offenses. Sentencing of Birdsall Services Group, Inc. is pending.

80.    The criminal proceedings against the Indicted Defendants herein are continuing.

81.    The resolution of the criminal proceedings against the Indicted Defendants will have a substantial impact upon whether said Indicted Defendants are entitled to coverage under the D&O Policy.

82.    To the extent that the D&O Carrier was to pay out legal fees and expenses to counsel for the Indicted Defendants under a reservation of rights and such Indicted Defendants were determined to be excluded from coverage under the D&O Policy, neither the D&O Carrier, nor the Trustee would have an ability to recapture said funds.

83.    Plaintiff believes that any payment of legal fees and expenses under the D&O Policy should abide conclusion of the ongoing criminal proceedings with regard to the Indicted Defendants.

## FIRST COUNT
## DECLARATORY JUDGMENT THAT THE BOARD RESOLUTION OF MAY 4, 2012 WAS NOT PROPERLY AUTHORIZED OR APPROVED

84.    Plaintiff repeats and realleges the allegations in paragraphs 1-83 heretofore, as if set forth herein verbatim.

85.    The Resolution of the Board of Directors of Birdsall Services Group, Inc. of May 4, 2012 was approved by Directors Ralph Orlando, John Wuestneck and Clare Broderick.  Those three (3) Directors were identified as "disinterested".

86.    Upon information and belief, Directors Wuestneck and Broderick were not disinterested with regard to the subject matter of the May 4, 2012 Resolution.

87.    Based upon the foregoing, the Directors voting to approve the May 4th Resolution were not disinterested and the Resolution was therefore not properly approved.

**WHEREFORE**, Plaintiff demands judgment under the First Count of its Complaint, as follows:

(a)     For the entry of an Order of this Court declaring that the Board Resolution of May 4, 2012, authorizing the Debtor to indemnify the 13 Individual Defendants is invalid, null and void;

(b)     For such other and further relief as is just and equitable.

## SECOND COUNT
## DECLARATORY JUDGMENT THAT THE BOARD RESOLUTION OF MAY 4, 2012 WAS AN ULTRA VIRES ACT

88.     Plaintiff repeats and realleges the allegations in paragraphs 1-87 heretofore, as if set forth herein verbatim.

89.     The Resolution of May 4, 2012 was an ultra vires act by the Board of Directors and should be declared void and of no legal effect.

**WHEREFORE**, Plaintiff demands judgment under the Second Count of its Complaint, as follows:

(a)     declaring the May 4th Resolution to be an ultra vires act of Birdsall Services Group, Inc. and no legal effect;

(b)     for such other and further relief as is just and equitable.

## THIRD COUNT
## DECLARATORY JUDGMENT THAT A SUBSTANTIAL PORTION OF THE LEGAL FEES AND EXPENSES OF THE INDIVIDUAL DEFENDANTS WERE UNAUTHORIZED PAYMENTS

90.     Plaintiff repeats and realleges the allegations in paragraphs 1-89 heretofore, as if set forth herein verbatim.

91.     May 4, 2012 Resolution clearly restricted the indemnification of the Individual Defendants to the legal fees and ancillary legal expenses "with respect to the Subpoena issued by the Attorney General's Office on May 2, 2012 and May 3, 2012."

92.     As set forth on Exhibit "C" annexed hereto, between May 15, 2012 and March 12, 2013, the Debtors paid the Law Firms representing the Individual Defendants the sum of $526,238.69.

93.     Upon information and belief, a substantial portion of the services rendered by counsel for the Individual Defendants was outside of the scope of the May 4, 2012 Resolution and were thus unauthorized by the Debtors' Board of Directors.

94.     To the extent that the Court finds that the May 4, 2012 Resolution and the indemnification obligation created thereunder is not wholly unenforceable or avoidable, any payments made by the Debtors for services beyond the scope of the  May 4, 2012 Resolution are unauthorized, improper and recoverable.

**WHEREFORE**, Plaintiff demands judgment under the Third Count of its Complaint as follows:

(a)     Requiring each of the Individual Defendants to demonstrate which services rendered by their counsel were directly related to compliance with the Subpoenas issued by the Attorney General's Office on May 2, 2012 and May 3, 2012;

(b)     For judgment against the Individual Defendants and the Law Firms for any amounts paid to said Law Firms by the Debtors for services other than "with respect to the Subpoena issued by the Attorney General's Office on May 2, 2012 and May 3, 2012"; and

(c)     For such other and further relief as is just and equitable.

**FOURTH COUNT**
**DECLARATORY JUDGMENT THAT THE AUTOMATIC STAY PREVENTS ANY**
**PAYMENT OF LEGAL FEES OR EXPENSES OT THE INDIVIDUAL DEFENDANTS**

95.     Plaintiff repeats and realleges the allegations in paragraphs 1-94 heretofore, as if set forth herein verbatim.

96.     Pursuant to 11 U.S.C. §541, the D&O Policy constitutes an asset of the Bankruptcy Estate.

97.     Plaintiff holds claims against the D&O Policy, both for coverage and for reimbursement of fees and expenses.

98.     Plaintiff believes that all entitlements to the D&O Insurance Policy proceeds should be litigated before and determined by this Court, pursuant to the terms of the D&O Policy and applicable law.

99.     **WHEREFORE**, Plaintiff demands judgment under the Third Count of the Complaint as follows:

(a)     Declaring that the automatic stay provisions of 11 U.S.C. §362 apply to the D&O Insurance Policy and its proceeds;

(b)     Continuing the automatic stay with regard to the Insurance Policy and all proceeds until all rights to the D&O Policy and its proceeds have been adjudicated by this Court; and

(c)     For such other and further relief as is just and equitable.

## FIFTH COUNT
## DECLARATORY JUDGMENT THAT THE INDIVIDUAL DEFENDANTS ARE EXCLUDED FROM COVERAGE UNDER THE D&O POLICY

100.    Plaintiff repeats and realleges the allegations in paragraphs 1-99 heretofore, as if set forth herein verbatim.

101.    On November 30, 2012, Defendant Angarone pled guilty to third degree tampering with public records or information and forth degree prohibited corporate contributions through employees.

102.    On February 13, 2013, Defendant Eileen Kuhfahl-Spears pled guilty to a fourth degree charge of making prohibited corporate contributions through employees.

103.    The Grand Jury has indicted Defendants, Thomas K. Rospos, Howard Birdsall, William Birdsall, Alan P. Hilla, Scott R. McFadden, James Johnston and Robert Gerard for criminal conduct with regard to their activities while employed by Birdsall Services Group, Inc.

104.    Endorsement No. 28 to the D&O Policy excludes from coverage conduct involving the commission of any deliberately criminal or deliberately fraudulent or dishonest acts.

105.    The exclusion from coverages appears to provide that it shall only apply if there has been a final adjudication adverse to such insured, establishing that the insured committed a deliberate criminal, fraudulent or dishonest act.

106.    The criminal convictions of Defendant Phillip Angarone and Defendant Eileen Kuhfahl-Spears fall within the exclusion from coverage set forth in Endorsement No. 28.

107.    Should Defendant Thomas K. Rospos, Howard Birdsall, William Birdsall, Alan P. Hilla, Scott R. McFadden, James Johnston and Robert Gerard be convicted of the crimes for which they are charged, such Defendants shall further be excluded from coverage under the D&O Policy.

108.    The D&O Policy is a "wasting policy", the coverage of same being depleted as a result of payments of fees and expenses to the Individual Defendants herein.

109.    The Bankruptcy Estate would be irreparably injured if the D&O Carrier pays fees and expenses to the Indicted Defendants and such Defendants are subsequently determined to be excluded from coverage under the D&O Policy.

**WHEREFORE**, Plaintiff demands judgment under the Fourth Count of its Complaint as follows:

(a)    Declaring that Defendants Phillip Angarone and Eileen Kuhfahl-Spears are excluded insured's under the D&O Policy and are therefore not entitled to recovery of any legal fees or legal expenses from the D&O Carrier.

(b)    Declaring that in the event Defendants Thomas K. Rospos, Howard Birdsall, William Birdsall, Alan P.  Hilla, Scott R. McFadden, James Johnston and Robert Gerard are ultimately convicted of any deliberate criminal, fraudulent or dishonest act, said Defendants are excluded insurers under the D&O Policy and are not entitled to the payment of any legal fees and legal expenses from the D&O Carrier;

(c)    Temporarily enjoining Defendant U.S. Specialty Insurance Company from paying any amounts to or on behalf of any Indicted Defendants until the criminal proceedings against such Indicted Defendants have been concluded and until further Order of this Court; and

(d)    For such other and further relief as is just and equitable.

## SIXTH COUNT
## RECOVERY OF LEGAL FEES AND LEGAL EXPENSES

110.    Plaintiff repeats and reallages the allegations in paragraphs 1-109 heretofore, as if set forth herein verbatim.

111.    As of May 15, 2012, or prior thereto, the Board of Directors of Birdsall Services Group, Inc. were aware of potential claims against the officers, directors and employees of Birdsall Services Group, Inc. which might constitute claims against the D&O Insurance Policy.

112.    Rather than submit these claims to the D&O Carrier, the Board of Directors instead passed the May 4th Resolution, directing Birdsall Services Group, Inc., to indemnify the Individual Defendants and to pay the legal fees and expenses of such parties with regard to the Subpoenas issued by the State of New Jersey.

113.    Annexed hereto and marked as Exhibit "C" is a schedule of fees paid to law firms representing the Individual Defendants and Birdsall Services Group with regard to the actions of the State of New Jersey.

114.    With regard to the fees paid to counsel for the Individual Defendants, totaling $526,238.69, Plaintiff stands in the shoes of the Individual Defendants and it is entitled to be subrogated to the rights of those Individual Defendants to seek payment of the fees from the D&O Carrier.

115.    With regard to fees paid to counsel for Birdsall Services Group, Inc., totaling $522,633.23, Birdsall Services Group is entitled to be reimbursed from the D&O Carrier for such legal fees.

**WHEREFORE**, Plaintiff demands judgment under the Fourth Count of its Complaint as follows:

(a)     Against U.S. Specialty Insurance Company, in the amount of $526,238.69;

        In favor of Plaintiff, as Subrogee of the Individual Defendants;

(b)     Against U.S. Specialty Insurance Company in the amount of $522,633.23,

        representing the pre-petition legal fees paid by Plaintiff to law firms for

        conduct covered by the D&O Policy; and

(c)     For such other and further relief as is just and equitable.

## SEVENTH COUNT
## AVOIDANCE OF MAY 4th 2012 RESOLUTION AS A FRAUDULENT CONVEYANCE
## (11 U.S.C. § 548)

116.    Plaintiff repeats and reallages the allegations in paragraphs 1-115 heretofore, as if set forth herein verbatim.

117.    Pursuant to 11 U.S.C. §102 (54) the May 4, 2012 Resolution represented a "transfer" by Birdsall Services Group, Inc.

118.    Birdsall Services Group, Inc. received absolutely no value or consideration in exchange for the transfer.

119.    Pursuant to 11 U.S.C. §548(a)(1), the Trustee is empowered to avoid any transfer made or any obligation incurred by the Debtor within 2 years prior to the filing of the Bankruptcy Petition.

120.    The transfer referenced above was made and the obligation incurred less than one year prior to the Chapter 11 filing.

121.    The Board of Directors made the transfer and incurred the obligation in exchange for less than reasonably equivalent value, at a time that the Debtor was either insolvent, became insolvent or believed that the Debtor would incur debts beyond the Debtor's ability to pay such debts as they matured.

122.    The making of the transfer and incurring of the obligation arising from the May 4, 2012 Resolution was to or for the benefit of an insider of the Debtor and not in the ordinary course of business.

**WHEREFORE**, Plaintiff demands judgment under the Fifth Count of its Complaint as follows:

(a)    Avoiding the May 4, 2012 Resolution of the Board of Directors of Birdsall Services Group, Inc. and any related documents or obligations as a fraudulent conveyance, pursuant to 11 U.S.C. §548(a); and

(b)    For such other and further relief as it is just and equitable.

**EIGHTH COUNT**
**AVOIDANCE OF MAY 4th 2012 RESOLUTION AS A FRAUDULENT CONVEYANCE**
**(N.J.S.A. 25:2-25**

123.    Plaintiff repeats and realleges the allegations in paragraphs 1-122 heretofore, as if set forth herein verbatim.

124.    The obligations created under the May 4th Resolution was incurred without receiving reasonably equivalent value in exchange for said obligation.

**WHEREFORE**, Plaintiff demands judgment under the Sixth Count of its Complaint pursuant to N.J.S.A. 25:2-25 avoiding the May 4th Resolution as a fraudulent conveyance, together with such other and further relief as it is just and equitable.

**NINTH COUNT**
**RECOVERY FROM INDIVIDUAL DEFENDANTS AND LAW FIRMS OF ALL**
**PAYMENTS RECEIVED AS FRAUDULENT CONVEYANCES**

125.    Plaintiff repeats and realleges the allegations in paragraphs 1-124 heretofore, as if set forth herein verbatim.

126.    Annexed hereto and marked Exhibit "D" is a schedule of fees paid to the law

firms on behalf of the Individual Defendants for the period of May 15, 2012 through March 21,

2013 (the "Law Firm Payments").

127.    The Law Firm Payments were made less than reasonably equivalent value was

received in exchange for the Law Firm Payments.

128.    The Law Firm Payments were made for the benefit of an insider of the Debtors.

129.    The Law Firm Payments were made at a time that the Debtors was insolvent.

**WHEREFORE**, Plaintiff demands judgment under the Seventh Count of its Complaint,

pursuant to 11 U.S.C.§ 548(a) as follows:

(a)     Against Arsenault Whipple and Fassett and John Hess, jointly and
severally in the amount of $18,927.28;

(b)     Against Belsole and Kurnos, LLC and James Johnston, jointly and
severally in the amount of $13,575.00;

(c)     Against Benedict and Altman and William Birdsall, jointly and severally
in the amount of $7,500.00;

(d)     Against Chamlin, Rosen, Uliano & Witherington and Susan Jackson,
jointly and severally in the amount of $6,198.00;

(e)     Against Critchley, Kinum & Vazquez, LLC and Alan P. Hilla, jointly and
severally in the amount of $25,862.45;

(f)     Against Krovatin Klingeman and Thomas K. Rospos, jointly and severally
in the amount of $108,175.89;

(g)     Against Law Office of Robert G. Stevens and John C. Morris, III, jointly
and severally in the amount of $6,150.00;

(h)    Against McCarter & English and Phillip Angarone, jointly and severally in the amount of $212,672.01;

(i)    Against McDonald & Rogers, LLC and Howard Birdsall, jointly and severally in the amount of $59,696.00;

(j)    Against Nuzzi & Mason, LLC and Robert Gerard, jointly and severally in the amount of $12,980.00;

(k)    Against Lomurro Davison Eastman & Munoz and Eileen Kuhfahl-Spears, jointly and severally in the amount of $25,410.06;

(l)    Against Starkey, Kelley, Kenneally, Cunningham & Turnbach and Scott McFadden, jointly and severally in the amount of $17,600.00; and

(m)    For such other and further relief as is just and equitable.

**TENTH COUNT**
**RECOVERY FROM INDIVIDUAL DEFENDANTS AND LAW FIRMS OF ALL**
**PAYMENTS RECEIVED AS FRAUDULENT CONVEYANCES N.J.S.A. 25:2-25**

130.    Plaintiff repeats and reallages the allegations in paragraphs 1-129 heretofore, as if set forth herein verbatim.

131.    The Law Firm Payments were made without receiving a reasonably equivalent value in exchange therefor;

**WHEREFORE**, the Plaintiff demands judgment, pursuant to N.J.S.A.25:2-25 as follows:

(a)    Against Arsenault Whipple and Fassett and John Hess, jointly and severally in the amount of $18,927.28;

(b)    Against Belsole and Kurnos, LLC and James Johnston, jointly and severally in the amount of $13,575.00;

23

(c)    Against Benedict and Altman and William Birdsall, jointly and severally in the amount of $7,500.00;

(d)    Against Chamlin, Rosen, Uliano & Witherington and Susan Jackson, jointly and severally in the amount of $6,198.00;

(e)    Against Critchley, Kinum & Vazquez, LLC and Alan P. Hilla, jointly and severally in the amount of $25,862.45;

(f)    Against Krovatin Klingeman and Thomas K. Rospos, jointly and severally in the amount of $108,175.89;

(g)    Against Law Office of Robert G. Stevens and John C. Morris. III, jointly and severally in the amount of $6,150.00;

(h)    Against McCarter & English and Phillip Angarone, jointly and severally in the amount of $212,672.01;

(i)    Against McDonald & Rogers, LLC and Howard Birdsall, jointly and severally in the amount of $59,696.00;

(j)    Against Nuzzi & Mason, LLC and Robert Gerard, jointly and severally in the amount of $12,980.00;

(k)    Against Lomurro Davison Eastman & Munoz and Eileen Kuhfahl-Spears, jointly and severally in the amount of $25,410.06;

(l)    Against Starkey, Kelley, Kenneally, Cunningham & Turnbach and Scott McFadden, jointly and severally in the amount of $17,600.00; and

(m)    For such other and further relief as is just and equitable.

## ELEVENTH COUNT
## RECOVERY FROM INDIVIDUAL DEFENDANTS AND LAWFIRMS OF ALL PAYMENTS RECEIVED AS UNAUTHORIZED TRANSFERS

132.    Plaintiff repeats and reallages the allegations in paragraphs 1-131 heretofore, as if set forth herein verbatim.

133.    The Law Firm Payments and the Indemnification Agreement under which said payments were made, were not properly authorized by the Board of Directors by the Board of Directors of Birdsall Services Group, Inc.

**WHEREFORE**, Plaintiff demands judgment under the Ninth Count of its Complaint as follows:

(a)    Against Arsenault Whipple and Fassett and John Hess, jointly and severally in the amount of $18,927.28;

(b)    Against Belsole and Kurnos, LLC and James Johnston, jointly and severally in the amount of $13,575.00;

(c)    Against Benedict and Altman and William Birdsall, jointly and severally in the amount of $7,500.00;

(d)    Against Chamlin, Rosen, Uliano & Witherington and Susan Jackson, jointly and severally in the amount of $6,198.00;

(e)    Against Critchley, Kinum & Vazquez, LLC and Alan P. Hilla, jointly and severally in the amount of $25,862.45;

(f)    Against Krovatin Klingeman and Thomas K. Rospos, jointly and severally in the amount of $108,175.89;

(g)    Against Law Office of Robert G. Stevens and John C. Morris, III, jointly and severally in the amount of $6,150.00;

(h)    Against McCarter & English and Phillip Angarone, jointly and severally in the amount of $212,672.01;

(i)    Against McDonald & Rogers, LLC and Howard Birdsall, jointly and

severally in the amount of $59,696.00;

(j)    Against Nuzzi & Mason, LLC and Robert Gerard, jointly and severally in

the amount of $12,980.00;

(k)    Against Lomurro Davison Eastman & Munoz and Eileen Kuhfahl-Spears,

jointly and severally in the amount of $25,410.06;

(l)    Against Starkey, Kelley, Kenneally, Cunningham & Turnbach and Scott

McFadden, jointly and severally in the amount of $17,600.00; and

(m)    For such other and further relief as is just and equitable.

**WASSERMAN, JURISTA & STOLZ, P.C.**
Counsel to Plaintiff, Edwin H. Stier, Chapter 11
Trustee


*/s/ Daniel M. Stolz*
By: _____
    DANIEL M. STOLZ

Dated:  August 12, 2013

26